IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Misc. No. ___ |
| ) | |
| CAPITOL SUPPLY, INC., ) | |
| ) | |
| Respondent. ) | |

**UNITED STATES' PETITION
FOR SUMMARY ENFORCEMENT OF INSPECTOR GENERAL SUBPOENA**

Petitioner, the United States of America (United States), through its counsel and pursuant to the Inspector General Act of 1978, 5 U.S.C. App. 3 § 6(a)(4), respectfully petitions this Court for an order compelling the respondent Capitol Supply, Inc., (Capitol Supply) to comply with the Inspector General's subpoena *duces tecum* (OIG subpoena). Adopted by reference and incorporated herein are the accompanying Memorandum in Support of the United States' Petition for Summary Enforcement of Inspector General Subpoena and a Declaration from Crystal Johnson, Special Agent of the Office of Inspector General (OIG), United States General Services Administration (GSA) with attachments. A proposed Order also is attached.

The United States further contends as follows in support of its Petition:

Jurisdiction and Venue

1. Subject matter jurisdiction is conferred by § 6(a)(4) of the Inspector General Act of 1978, 5 U.S.C. App. 3 (authorizing Inspectors General to Subpoena documents and other information, and to enforce their subpoenas in United States District Courts) and 28 U.S.C. §§ 1331 (providing for "district courts . . . [to] have original jurisdiction of all civil actions arising

under the . . . laws . . . of the United States") and 1345 (providing for "district courts . . . [to] have original jurisdiction of all civil actions, suits or proceedings commenced by the United States").

2.     Venue is alleged under 28 U.S.C. § 1391(b)(1)-(b)(2) (providing for venue based on where "a substantial part of the events or omissions giving rise to the claim occurred"); and under 28 U.S.C. § 1391(c)(2) (judicial district in which defendant is subject to the court's personal jurisdiction and plaintiff maintains its principal place of business).

### Parties

3.     Petitioner is the United States.

4.     Respondent Capitol Supply is a corporation with headquarters in Sunrise, Florida, that sells products to government and non-government customers. At all times relevant herein, Defendant sold products to the United States Government and its agencies under various GSA Multiple Award Schedule contracts.

### Issuance of Service of Subpoena

5.     Two subpoenas were issued and served upon Capitol Supply pursuant to the Inspector General Act of 1978 (the Act), 5 U.S.C. App. 3 § 6(a)(4), which authorizes the subpoenaing of records as part of the OIG's responsibility to investigate fraud and abuses in the GSA's programs. See 5 U.S.C. App. 3 § 4(a)(1), (3)-(5). .

   a.   On November 4, 2010, the GSA OIG served the first of two subpoenas duces tecum (Subpoena No. 1732) upon Capitol Supply requesting all product, sales and county of origin information for Fellowes brand shredders sold pursuant to all GSA schedule contracts from January 2004 through the date of the subpoena. Exhibit 1.

   b.   A second subpoena duces tecum (Subpoena No. 1774) was served on

Capitol Supply in June 2011, requesting all information on Multiple Award Schedule Contract No. GS-02F-0100N, including all sales and country of origin information for all products sold during the period of January 1, 2004 through the date of the subpoena. Exhibit 3.

6. As described in more detail in the subpoena and the accompanying Declaration of Special Agent Crystal Johnson (S.A. Johnson Decl.), the subpoenas were served on Capitol Supply TICAS in furtherance of the OIG's investigation to determine whether Capitol Supply unlawfully advertised, certified and sold office supply products to Federal agencies and offices pursuant to various GSA Multiple Award Schedule contracts, when those office supply products failed to conform to Federal law, including the Trade Agreements Act and the Buy American Act. S.A. Johnson Declaration, attached, at ¶¶ 8-12.

<u>Capitol Supply's Failure to Comply with the Subpoena</u>

7. As is set forth in the Declaration of Special Agent Crystal Johnson, Capitol Supply failed to completely and properly respond to the subpoenas. S.A. Johnson Decl. at ¶¶ 11 and 13-17.

8. To date, Capitol Supply has continued to fail to fully comply with the subpoenas.

WHEREFORE, petitioner United States respectfully requests that this Court enter an Order granting this Petition and:

A. Order Capitol Supply to produce to the OIG, within ten (10) calendar days of the entry of the Court's Order, all items described in the two subpoenas; and

B. Granting such other and further relief to the United States that this Court deems necessary and appropriate.

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

RONALD C. MACHEN JR., D.C. BAR #447889
United States Attorney

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

_____
DARRELL C. VALDEZ, D.C. Bar # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Misc. No. _____ |
| ) | |
| CAPITOL SUPPLY, INC., ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM IN SUPPORT OF UNITED STATES' PETITION FOR
SUMMARY ENFORCEMENT OF INSPECTOR GENERAL SUBPOENAS**

This is a summary proceeding filed by petitioner, the United States of America (United States), to obtain judicial enforcement of two subpoenas issued by the Office of Inspector General (OIG) of the United States General Services Administration (GSA), to respondent, Capitol Supply, Inc. (Capitol Supply), pursuant to an investigation by the OIG into whether Capitol Supply violated the False Claims Act and other common law tort claims when Capitol Supply, Inc., knowingly, or with reckless disregard, certified to the GSA that its products were compliant with the Trade Agreements Act, 19 U.S.C. § 2501 *et seq.*, and the Buy American Act, 41 U.S.C.§ 8301 *et seq.*, and that United States agencies purchased and made payment for those products through the "GSA Advantage!" Website.

Introduction

As explained in more detail in the Declaration of Special Agent Crystal Johnson of the GSA OIG (Special Agent Johnson Decl.), the OIG is trying to determine whether Capitol Supply unlawfully advertised, certified and sold office supply products, including paper shredders, to Federal agencies and offices pursuant to a GSA schedule contract, when those office supply

products failed to conform to Federal law, including the Trade Agreements Act and the Buy American Act.[1]  The OIG served the subpoenas on Capitol Supply to obtain information pertinent to the sales of products by Capitol Supply through schedule contracts with the GSA, including but not limited to product numbers, sales data, and the location where each product was manufactured and/or assembled ("country of origin").  Copies of the subpoenas are attached to Special Agent Johnson's Declaration.  See Exhibits 1 and 3.

1.      Subpoena No. 1732

On November 4, 2010, the GSA OIG served the first of two subpoenas duces tecum (Subpoena No. 1732) upon Capitol Supply requesting all product, sales and country of origin information for Fellowes brand shredders sold pursuant to all GSA schedule contracts from January 2004 through the date of the subpoena.  Exhibit 1.  The subpoena contains seven numbered document requests that sought sales data of Fellowes shredders sold pursuant to any GSA schedule contract (No. 1), correspondence and communications from suppliers regarding country of origin of those shredders sold (Nos. 2 and 6), information as to the country of origin of the shredders sold (Nos. 3 and 4), and the identities of employees who sold the shredders on behalf of Capitol Supply (No. 7).  Id.

In response to the subpoena, Capitol Supply identified $492,491 in sales of Fellowes products from 2004 to 2007, but failed to provide sales data from 2007 through 2010.  Special

---

[1]      Capitol Supply advertised and sold its products through the GSA Advantage! website and pursuant to Multiple Award Schedule Contract No. GS-02F-0100N, which is governed by the Federal Acquisition Regulations (FAR) and requires that all vendors maintain records regarding the "country of origin" of each of its products sold through the website, and certify that the products comply with the Trade Agreements Act and the Buy American Act. FAR 52.225-6.

2

Agent Johnson Decl. at ¶ 11. Moreover, Capitol Supply provided country of origin information on only 10 of 46 Fellowes shredder products, and only for the year 2010. Id.

2. <u>Subpoena No. 1774</u>

A second subpoena duces tecum (Subpoena No. 1774) was served on Capitol Supply in June 2011, requesting all information on Multiple Award Schedule Contract No. GS-02F-0100N, including all sales and country of origin information for all products sold during the period of January 1, 2004 through the date of the subpoena. Exhibit 3. As in the first subpoena (Subpoena No. 1732), the second subpoena contained seven numbered document requests that sought sales data (No. 1), correspondence and communications from suppliers regarding country of origin (Nos. 2 and 6), information as to the country of origin (Nos. 3 and 4), and the identities of employees who sold products on behalf of Capitol Supply (No. 7), but expanded the request to all products sold pursuant to the Multiple Award Schedule Contract. Id.

In July 2011, Capitol Supply provided a compact disc identified as containing documents Bates stamped 1 through 22208, and allegedly identifying the country of origin of the products sold. The disk, however, was unreadable and unusable. See, e.g., Exhibit 4.

A second production containing hard-copies of sales invoices Bates stamped 22,209 through 773,448 was made in July 2011. And a third production was made in September 2011, containing data feeds from various suppliers and Bates stamped 773,449 through 1,563,209. Of the various documents produced in those two subsequent productions, however, the OIG could discern only nine months of sales data (August 2010 to April 2011), despite the request for data from January 2004 through June 2011.

Over two years have passed since the both of the subpoenas were served. Although

Capitol Supply has produced some documents, it has failed to complete production. The OIG is entitled to full compliance with the subpoenas.

Failure To Comply With The Subpoena

Administrative agencies in general and their respective Offices Inspector General in particular have broad investigatory and subpoena power. See, e.g., Resolution Trust Corp. v. Thornton, 41 F.3d 1539, 1544 (D.C. Cir. 1994) ("Administrative agencies wield broad power to gather information through the issuance of subpoenas."); id. ("Like a grand jury, an agency 'can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not.'") (citation omitted); Winters Ranch Partnership v. Viadero, 123 F.3d 327, 330 (5th Cir. 1997) ("Congress conferred very broad audit, investigatory, and subpoena powers on each Inspector General, as an independent and objective unit of the department or agency, to help promote efficiency and prevent fraud, waste, abuse, and mismanagement in federal government programs . . . ."); 5 U.S.C. App. 3, §4(a)(1)-(5) (authorizing Offices of Inspector General to conduct investigations, provide reports, and make recommendations regarding, among other things, fraud and abuse in their agencies' programs and operations); id. § 6(a)(4) (authorizing Offices of Inspectors General to subpoena documents and other information, and to enforce their subpoenas in United States District Courts).

The OIG obtained information that raised questions as to whether Capitol Supply was selling products that violated the Trade Agreements Act and the Buy American Act through the GSA website. Included among these questions was whether Capitol Supply had been falsely certifying that its products were compliant with the Trade Agreements Act and the Buy American Act, and whether the GSA and Federal agencies were being sold those products in violation of

Federal law. The OIG therefore began an investigation and issued two subpoenas seeking information from Capitol Supply pertaining to that very matter.

The subpoenas sought documents that would allow the OIG to evaluate Capitol Supply's certifications and sales, including documents pertaining to the products sold through the GSA and the country of origin of each product. Each of the unfulfilled requests is critical to the OIG's investigation. Nevertheless, Capitol Supply failed to produce documents responsive to the subpoena, and further failed to provide documents and other information in any type of readable or usable format, including the country of origin for most of its products. By not completing a responsive production to the subpoena, Capitol Supply has prevented the OIG from examining all of Capitol Supply's sales and certifications during the years 2004 through July 2011.

All of the subpoena's requests, including the uncompleted requests, seek information that should have been in the possession of Capitol Supply. Indeed, Capitol's contracts regulations require that it maintain sales records and country of origin records until three years after final payment under the contracts. Accordingly, the subpoenas are enforceable because they are directly relevant to an OIG investigation regarding possible fraud, waste, or abuse within GSA, and request documents that are reasonably within the possession and control of Capitol Supply. See, e.g., Equal Employment Opportunity Commission v. Technocrest Systems, Inc., 448 F.3d 1035, 1040 (8th Cir. 2006) ("[A] district court should enforce an administrative subpoena if the information sought is reasonably relevant to an authorized investigation.") (citing United States v. Morton Salt Co., 338 U.S. 632, 652 (1950); Donovan v. Shaw, 668 F.2d 985, 989 (8th Cir.1982); Equal Employment Opportunity Commission v. Chrysler Corp., 567 F.2d 754, 755 (8th Cir. 1977)); Resolution Trust Corp, 41 F.3d at 1544 ("We consider only whether 'the

5

inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant.'") (citing Morton Salt Co., 338 U.S. at 652).

## Conclusion

For the foregoing reasons, the United States respectfully requests that the Court enter an Order granting the United States' Petition For Summary Enforcement Of Inspector General Subpoenas and:

A. Requiring Capitol Supply to produce to the OIG within five calendar days of the entry of the Court's Order all items described in the subpoenas.

B. Granting such other and further relief to the United States that this Court deems necessary and appropriate.

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

RONALD C. MACHEN JR., D.C. BAR # 447889
United States Attorney

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

_____
DARRELL C. VALDEZ, D.C. Bar # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C. 20530
(202) 307-2843