U.S. GENERAL SERVICES ADMINISTRATION
Office of Inspector General

November 4, 2010

Capitol Supply, Inc.
1000 Sawgrass Corporate Parkway
Suite 452
Sunrise, Florida 33323

Dear Custodian of Records:

Pursuant to Section 6(a)(4) of the Inspector General Act of 1978, Public Law 95-452, as amended (5 U.S.C. App. 3), the enclosed subpoena duces tecum has been issued. The materials identified should be produced by the date and time, and in the place, indicated on the subpoena. The materials are being sought in connection with an ongoing law enforcement investigation.

Failure to produce the materials specified at the time and place set forth in the subpoena will be construed as a failure to comply with the subpoena. The government may then seek a court order against Capitol Supply, Inc., to compel such compliance. Fully legible and complete copies of the records called for by the subpoena will be accepted in response to the subpoena, provided that the original records are preserved and made available to Inspector General officials on request. Otherwise, original records should be produced.

As an alternative to the steps called for in the subpoena, you may mail the documents described in the subpoena to Crystal Johnson, Special Agent, at the following address: GSA Office of Inspector General, Mid-Atlantic Regional Investigations Office (JI-W), 300 D Street SW, Suite 800, Washington D.C. 20024. To arrange for this alternative, you should call Special Agent Johnson at (202) 252-0008 before the date of production called for in the subpoena.

Capitol Supply, Inc., has the right to consult with, and be represented by, an attorney in connection with this matter. If you have any questions concerning the subpoena or the materials required to be produced, please feel free to contact Assistant Counsel Aleksandra Doran at (202) 501-3243 or Special Agent Crystal Johnson at the number above.

Sincerely,

Richard Levi
Counsel to the Inspector General

By: Aleksandra Doran
Aleksandra Doran
Assistant Counsel

Enclosure

# United States of America
# General Services Administration
# Office of Inspector General

## Subpoena Duces Tecum

To: **Capitol Supply, Inc.**

**1000 Sawgrass Corporate Parkway, Suite 452, Sunrise, Florida 33323-2871**

Pursuant to the provisions of Section 6(a)(4) of the Inspector General Act of 1978, as amended, 5 United States Code Appendix 3, you are hereby commanded to produce before **Special Agent Crystal Johnson** or another official of the **General Services Administration, Office of Inspector General,** at the GSA Office of Inspector General, Mid-Atlantic Regional Investigations Office (JI-W), 300 D Street SW, Suite 800, Washington D.C. 20024, on the **19th day of November, 2010, at 10:00 a.m.**, the following records –

See Attachment, which is a part hereof.

IN TESTIMONY WHEREOF, the Inspector General of the General Services Administration has hereunto set his hand at Washington, District of Columbia this 5th day of November, 2010.

Brian D. Miller

Inspector General

Note: Failure to comply with this subpoena could result in a legal proceeding against you in which a court order of compliance will be sought. See Privacy Act notice on other side.

Subpoena Number 1732

GSA Form 9540 (Rev. 8-05)

**Privacy Act Notice:** Pursuant to the Privacy Act of 1974, 5 U.S.C. 552a, you are advised of the following:

1. **Authority for solicitation of Information.** The Inspector General Act of 1978, Pub. L. 95-452 (5 U.S.C. App. III), authorizes the Inspector General to issue subpoenas necessary in the performance of audits and investigations of the programs and operations of the General Services Administration. Disclosure of the information specified in this subpoena is mandatory, subject to the valid assertion of a legal right or privilege.

2. **Principal Purpose for Solicitation of Information.** The Inspector General's principal purpose in soliciting the information is to promote economy, efficiency, and effectiveness in the administration of the programs and operations of the General Services Administration and to prevent and detect fraud, waste, and abuse or mismanagement in such programs and operations.

3. **Routine Uses of the Solicited Information.** The routine uses of the solicited information are published in Volume 74 of the *Federal Register*, pages 6038-6041, January 27, 2009.

4. **Effect of Noncompliance.** Failure to comply with this subpoena may result in the Inspector General requesting a court order for compliance. If such an order is obtained and you thereafter fail to supply the information, you may be subject to civil and/or criminal sanctions for contempt of court.

## Certificate of Service

I hereby certify that on 11/5/10, I served this subpoena upon the person named therein by:

_____ personally handing to, and leaving with ____________________, an employee of Capitol Supply, Inc., who represented that (s)he was authorized to accept service on behalf of Capitol Supply, Inc., a true and correct copy thereof.

✓ mailing certified mail, return receipt requested, as indicated below:

Capitol Supply, Inc.
1000 Sawgrass Corporate Parkway
Suite 452
Sunrise, Florida 33323-2871

| | |
|---|---|
| Daphne Muse (signature) | Daphne Muse |
| Signature | Printed Name |
| Paralegal Specialist | November 5, 2010 |
| Title | Date |

Office of Inspector General Subpoena
U.S. General Services Administration
Direct Resource, Inc.
November 2010

## ATTACHMENT

### Definitions

The following definitions (whether capitalized or not, and both in the singular and in the plural) will apply:

"You," "your," and "Capitol Supply" refer to and include Capitol Supply, Inc., and any predecessors, successors, subsidiaries and affiliated business entities, divisions, as well as all current and former officers, attorneys, accountants, employees, consultants, independent contractors, representatives and agents.

"Communication" means the transmittal of information by any means.

"Document(s)" means, without limitation, any written, printed, typed, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any combination thereof. This definition includes copies or duplicates of documents contemporaneously or subsequently created which have any non-conforming notes or other markings and the backsides of any communication or representation which all contain any of the above. "Document(s)" includes, but is not limited to: correspondence; memoranda; invoices; purchase orders; notes; drafts; records; letters; envelopes; telegrams; messages; electronic mail; analyses; agreements; accounts; working papers; reports and summaries of investigations; trade letters; press releases; comparisons; books; notices; drawings; diagrams; instructions; manuals; calendars; diaries; articles; magazines; newspapers; brochures; guidelines; notes or minutes of meetings or of other communications of any type, including inter- and intra-office or company communications; questionnaires; surveys; charts; graphs; photographs; films or videos; tapes; discs; data cells; bulletins; printouts of information stored or maintained by electronic data processing or word processing equipment; electronic claims filing, invoices, all other data compilations from which information can be obtained including electromagnetically sensitive stored media such as floppy discs, hard discs, hard drives and magnetic tapes; and any preliminary versions, drafts or revisions of any of the foregoing.

"Relate to" or "relating to" means in any way concerning or pertaining to, whether directly or indirectly.

"Documents" and "records" are synonymous terms.

"Contracts" and "agreements" are synonymous terms.

## Instructions

1. Relevant Time Period: All documents requested herein refer to January 1, 2004, to the present, unless otherwise indicated, and shall include all documents that relate to or affect such period, even though prepared or published before that period.

2. Scope of search required: This subpoena calls for all documents in your possession, custody or control. You are required to search all files reasonably likely to contain responsive documents.

3. This request requires the production of the entire document and not only a portion thereof, unless specifically so stated therein. All documents provided in response to this subpoena are to include all marginalia and post-its, as well as any attachments referred to or incorporated by the documents.

4. Where a claim of privilege is asserted in response to any document requested, and such document, or any part thereof, is not produced on the basis of such claim, for each document or part thereof that is not produced, state the following:

   a. the privilege claimed; and
   b. a precise statement of the facts upon which the claim of privilege is based; and the following information as to each purportedly privileged document:
      i. the nature of the document, *e.g.,* letter, memorandum, handwritten notes, marginalia, electronic copy, etc.;
      ii. a description of its contents;
      iii. the date it was prepared;
      iv. the identity of the person by whom it was prepared;
      v. the identity of each recipient, actual and intended;
      vi. the identity of the person or entity that presently has custody or control of such document.

5. If information exists or can be retrieved from information stored in computerized form, this subpoena requests that you provide the information on computer disk and the hard drive, if necessary, including an identification of the software program necessary to access and use the information.

6. Use of the word "and" or "or" should be read in the conjunctive and disjunctive (i.e., "and/or") to provide the broadest possible meaning of the request.

7. If the requested documents are no longer in your possession or control, this subpoena requests that you state what disposition was made of them, including identification and address of the person(s) who are or are believed to be in possession or control of such documents.

8. If there are no responsive documents to a particular request, please specify that you have no responsive documents.

9. All documents produced pursuant to this subpoena are to be organized in such a manner that all documents relating to a particular specification are grouped together and identified as being responsive to that specification.

10. Complete and submit with your response the attached certification concerning the accuracy and completeness of the documents provided with your response.

Documents to be Produced

All documents pertaining to the relevant time period in the possession, custody, or control of Capitol Supply, relating in any way to any sale of Fellowes brand shredders under any schedule contract with the General Services Administration, including but not limited to:

1) All sales data by product in electronic format (can be in the following formats: Database (.DBF), Access (.MDB), or Excel (.XLS)). For each product sold, the sales data should include the fields Customer Name, Customer Number, Customer Code, Invoice Number, Invoice Date, Invoice Amount, Payment Date, Payment Amount, Item Description, Product Number and Name, Contract Number, and Country of Origin;

2) All correspondence, electronic mail, and other communication from suppliers relating to country of origin of any Fellowes brand shredder sold under any schedule contract with the General Services Administration;

3) All information relating to the manufacture and/or assembly location of any Fellowes brand shredder sold under any schedule contract with the General Services Administration;

4) All information relating to the country of origin of any Fellowes brand shredder sold under any schedule contract with the General Services Administration;

5) All information relating to the deletion of any Fellowes brand shredder sold under any schedule contract with the General Services Administration due to the shredder's country of origin;

6) All documents, including CDs, received from manufacturers or wholesalers during the relevant time period and relating to any Fellowes brand shredder sold under any schedule contract with the General Services Administration; and

7) All names, positions, addresses, and titles of current and former employees involved or associated with any sale of Fellowes brand shredders under any schedule contract with the General Services Administration.

# CERTIFICATION

I received and have read Subpoena No. 1732, issued by the Office of Inspector General (OIG), General Services Administration, to Capitol Supply, Inc.

I hereby certify the following: (*Please mark the appropriate space*.)

☐ To the best of my knowledge, Capitol Supply, Inc., does not have within its control or possession any of the documents sought by OIG Subpoena No. 1732.

☐ To the best of my knowledge, Capitol Supply, Inc., has provided the OIG with all of the documents in its possession or control that were requested by Subpoena No. 1732.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date of execution: ______________________________

Place of execution: ______________________________

Printed name: ______________________________

Signature: ______________________________