**Valdez, Darrell (USADC)**

**From:** Valdez, Darrell (USADC)
**Sent:** Wednesday, July 02, 2014 2:17 PM
**To:** 'Bhargava, Michael'
**Cc:** crystal.johnson@gsaig.gov; Ross, Charles (USADC) [Contractor]; Adam Hodkin; Harrison, Steven (USADC)
**Subject:** RE: Capitol Supply

Michael;

First of all, your request that we provide you with the Bates numbers of an excel spreadsheets that has no Bates number associated with it is completely absurd. I also find it hard to believe that you now claim ignorance as to the spreadsheet that we have been talking about for the last week, especially when all along you have repeatedly given us advise about placing the spreadsheet onto the same "platform" as the linked documents. Be that as it may, I am attaching the spreadsheet that appears to have links to .tif (images) and .txt (text) files in the far right columns that do not work.

Moreover, because the latest production from your client merely illustrates the same obstructive and uncooperative behavior that your client has demonstrated throughout this matter, I believe that it is best that we do not talk to your IT person over the phone, but rather will require that all instructions be in writing. That way, the factual record will be clear your client cannot claim that we did not properly follow any instructions that your IT person may provide.

Finally, because your client's last production did everything that the Court specifically instructed them not to do, I intend to file a Motion for Sanctions and for an Order to Show Cause in the enforcement action. Will you will consent to the motion or to the fact that your client has violated the Court's order compelling production?

Darrell C. Valdez
Assistant U.S. Attorney
(202)252-2507

---

**From:** Bhargava, Michael [mailto:MBhargava@chadbourne.com]
**Sent:** Wednesday, July 02, 2014 1:39 PM
**To:** Valdez, Darrell (USADC)
**Cc:** crystal.johnson@gsaig.gov; Ross, Charles (USADC) [Contractor]; Adam Hodkin
**Subject:** RE: Capitol Supply

Darrell,

Adam has been in depositions this week, so we will provide you with a full response to your email either tonight or by tomorrow at the latest.

However, with regard to your complaint regarding the spreadsheet(s) with internal links, please provide us with the Bates numbers or copies of those documents. We are still unclear as to what this issue is. In your initial email, you referred to some "documents [with] inactive links," and in your email below, you refer to a single spreadsheet with links that do not work. We have tried to resolve this issue with you by providing you with the



GAD-Bayonne, N. J.
GOVERNMENT EXHIBIT 8

contact information for our tech person here who handled the production, but you chose not to contact her. I do not know what spreadsheet(s) you are referring to, so please let us know, and we will try to resolve this issue.

Thank you.

Mike

---

**From:** Valdez, Darrell (USADC) [mailto:Darrell.Valdez@usdoj.gov]
**Sent:** Tuesday, July 01, 2014 1:58 PM
**To:** Bhargava, Michael
**Cc:** crystal.johnson@gsaig.gov; Ross, Charles (USADC) [Contractor]; Adam Hodkin
**Subject:** RE: Capitol Supply

Michael;

I am writing in response to your e-mail below, and to inform you that, based upon the production from your client and upon your responses below, Capitol Supply is in violation of the Court's order compelling production to the United States.

The Production of Sales Data in PDF format (.pdf Files):

At pages 20-21 of the Court's Order compelling production by Capitol Supply in this matter, Judge Howell specifically held that Capitol Supply's production of sales data in PDF format was insufficient and failed to comply with the subpoena as well as the Federal Rules regarding the production of electronic data. The Court noted that although a party may be able to access information from a PDF document, it is not the same as being able to efficiently or effectively use the records in that format. Thus, the Court specifically found that Capitol Supply's production of sales data in PDF format was insufficient, and ordered that the sales data be produced in a database format that is "reasonably usable, which includes searchable." The Court further noted that GSA gave Capitol Supply options as to the format in which the information must be provided, and instructed Capitol Supply to comply with that direction. And contrary to your statement below, Capitol Supply is obligated by contract, by subpoena, and by law to convert its data into a usable and readable format specified by GSA.

It is also unavailing for multiple reasons for Capitol Supply to copy pages from the GSA website, produce only those pages back to GSA, and then to justify its actions by claiming that the PDFs are the very same format in which Capitol Supply obtained them from the GSA. First, GSA doesn't provide vendors with sales data; vendors provide sales data to GSA. GSA may well maintain and publish the sales data on its website in this format, but GSA did not subpoena Capitol Supply to pull pages from GSA's website. Instead, the OIG subpoenaed Capitol Supply for Capitol's own data - the very data that Capitol Supply gave GSA in the first place, from which GSA created the information on the website. Second, as the Court noted in its Order, the purpose of the GSA subpoena is not merely to discern the country of origin for all of Capitol Supply's products, but rather to assess "Capitol Supply knowledge" or awareness of its sales and the country of origin of its products at the time of its certification that it complied with the requirements of the TAA and BAA. Thus, the Court held, whatever sales documentation was in the Government's possession does not reflect what Capitol Supply knew and when. Memorandum Opinion at 21-22. Third, the GSA does not maintain all sales data of Capitol Supply on the GSA website, but rather has access to only a fraction of the sales made by Capitol Supply. Thus, it is not sufficient to provide the GSA with the sales data from GSA records, but rather Capitol Supply must provide the sales data from its own records.

The Country of Origin (COO) Data:

The District Court made the specific finding that Capitol Supply's production, especially with respect to the COO, was insufficient. Memorandum Opinion at 16-18. Accordingly, your response in an email stating that Capitol Supply has "already produced all the COO information that we were able to find after a diligent search" is, likewise, insufficient. Instead, the Court specifically ordered that if Capitol Supply is unable to turn over all COO data that is relevant to the product and date of each sale (and in a format that is readable, usable and otherwise complies with the specifications of the subpoena), then the responsible official of the company must set forth in a certified statement (as is required by the subpoena) that Capitol Supply does not have the information requested because it does not maintain this information. Memorandum Opinion at 18.

The Department of Defense (DOD) Sales Data (.edi Files):

For the same reason why the PDF files containing Capitol Supply's sales data are insufficient, the Court found that Capitol Supply forwarding information from the DOD website is insufficient. Memorandum Opinion at 19. The GSA is not interested in what data the DOD has with respect to sales made by Capitol Supply, it is interested in what data Capitol Supply has. Moreover, the Court already discussed Capitol Supply's questionable practice of providing the DOD information in encrypted format without providing a password or other encryption key to allow GSA to view the data. GSA does not sell national security equipment to the DOD, nor are its sales to DOD a matter of national security. Thus, the Court has properly described Capitol Supply's continued reliance upon encryption of DOD sales data as a "stalling tactic" that violates Capitol Supply's obligations under the subpoena, the contract with GSA and regulations governing the retention of this data. In any event, the Court directly ordered that Capitol Supply provide the passwords to this data. Transcript of Hearing at page 21 ("Well, I'm going to be directing you right now to provide passwords to any data provided to OIG in response to these subpoenas").

The Spreadsheet with Unusable "Links":

Finally, as has been your client's tactic throughout this investigation, Capitol Supply has manipulated the production of information to make it unreadable and unusable by the GSA OIG, and then attempted to place the blame upon the GSA OIG for its inability to read the information you alleged was provided. The production of the spreadsheet without the relevant "linked" documents is just another example of this tactic. First of all, I fail to understand why Capitol Supply produced spreadsheets that contained "links" to outside documents, but then failed to produce the outside document in the same hard-drive. This certainly would have allowed GSA OIG to click on the "links" to call up the documents that supposedly referenced in the spreadsheet. Moreover, there was sufficient memory on the larger hard-drive to include all of the related material. Unfortunately, Capitol Supply does not want to make things easier for GSA OIG. Secondly, in response to my earlier emails asking you how to link the documents, you stated that the spreadsheets must be placed on the same "platform" as the outside documents, but then repeatedly fail to identify the specific "platform" that GSA OIG must use, and further fail to identify the files from the other hard-drives that contain the "linked" documents. This is just another "stalling tactic" by Capitol Supply to frustrate the investigation.

Your client had more than enough time to comply with the Court order, but has, instead, continued on its path of obstruction and delay. Indeed, other counsel was present at the motions hearing, you have a copy of the transcript and a copy of the Court's Order, and you should know what the Court ordered your client to do. I will not wait any longer for your client's cooperation, which I believe will never come without intervention by the Court. Accordingly, I am informing the Court of your client's failure to comply with the Court's Order, and will seek appropriate sanctions.

Darrell C. Valdez
Assistant U.S. Attorney