UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        Petitioner,

v.

CAPITOL SUPPLY, INC.,

        Respondent.
_____/

Misc. No. 1:13-mc-00373 (BAH)

**DEFENDANT CAPITOL SUPPLY, INC.'S SUPPLEMENT TO ITS RESPONSE
OPPOSING PETITIONER'S MOTION FOR SANCTIONS**

In Supplement to Defendant Capitol Supply, Inc.'s (hereinafter "Capitol") response [D.E. 24] opposing the United States' (hereinafter the "Government") Motion for Sanctions [D.E. 20] are the attached General Services Administration's "New Contractor Orientation."[1]  The New Contractor Orientation documents (found in pertinent part within the GSA's Vendor Education Center: https://gsafas.secure.force.com/MASTrainingHome, and then more specifically at https://gsafas.secure.force.com/EducationalSeminarsStatusTrack?seminar=New%20Contractor%20Orientation) (*see* **Exhibit "1"** hereto), and the GSA iGuide Administrative Topics regarding "Contractor Records Retention" (https://vsc.gsa.gov/iGuide/iGuide/Records_Retention.html) (*see* **Exhibit "2"** hereto) belie the Government's repeated assertion, in oral argument when Capitol did not have effective counsel, and again in its Motion for Sanctions, that "applicable FAR provisions specifically require that Capitol Supply (and any other vendor who contracts with GSA to sell products on the GSA website) 'preserve all contemporaneous records received from its suppliers regarding the country of origin of its products' …"

Capitol's response asserted that no GSA contracting officer nor auditor has ever imposed

_____

[1] Capitol would have included the supplemental information in its response filed this past Friday, July 25, but Capitol had not identified the attached materials in advance of the filing deadline.

a requirement that Capitol preserve all contemporaneous records received from its suppliers regarding the COO of its products.

The attached GSA New Contractor Orientation documents state as follows with respect to Trade Agreements Act compliance and country of origin records:

> Ensure that you have a control system and/or process in place to track the country of origin of all products – it is not required, but it is a good idea

(emphasis added).

Similarly, the GSA iGuide, which identifies "Additional Contractor Responsibilities" explains a Contractor's "Records Retention" responsibilities as follows:

> The GSA Examination of Records clause grants to the "Administrator of GSA or any duly authorized representative shall have access to and the right to examine any books, documents, papers and records of a contractor involving transactions related to the contract for over billings, billing errors, compliance with the Price Reduction clause and compliance with the Industrial Funding Fee clause of the contract. This authority shall expire 3 years after final payment." The basic contract and each option shall be treated as separate contracts for purposes of applying this clause.

Conspicuously absent from the foregoing language explaining a Contractor's GSA records retention responsibilities is any reference to a requirement to retain contemporaneous COO data.

As the two foregoing GSA publications corroborate, in its history with Capitol, and in its published materials on the internet, the GSA has consistently taken a position to the contrary of the position being espoused by the Government in this case, and to the contrary of the Court's conclusion on the subject: Capitol was not required to preserve contemporaneous records received from its suppliers regarding the COO of products sold by Capitol to the Government.

By these presents and pursuant to Fed. R. Evid. 201(b)(2), Capitol respectfully requests that the Court take judicial notice of the fact that GSA Contractor Training Materials expressly

instruct Contractors (like Capitol) that they are not required to track (and thus, cannot be required to contemporaneously preserve all records regarding COO) the COO of all products.

WHEREFORE, Capitol respectfully requests that the Court vacate such portions of its Order stating that Capitol was required to preserve contemporaneous records received from its suppliers regarding the COO of products sold by Capitol to the Government, taking judicial notice of the fact that GSA instructs contractors that they are not required to track the COO of all products, and for such other and further relief as the Court may consider appropriate in light of the remainder of Capitol's Response Opposing the Government's Motion for Sanctions.

Respectfully submitted,

PADULA HODKIN, PLLC
Co-Counsel for Capitol Supply, Inc.
101 Plaza Real South, Suite 207
Boca Raton, FL  33432
Phone: 561.544.8900
Fax: 561.544.8999

Date:  July 28, 2014

By: /s/ Adam J. Hodkin
    Adam J. Hodkin, FBN 962597
    Email: ahodkin@padulahodkin.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served by CM/ECF on this 28th day of July, 2014, on all counsel or parties of record on the Service List below.

/s/ Adam J. Hodkin
Adam Hodkin

## SERVICE LIST

**Darrell C. Valdez, Esquire**
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C. 20530
Counsel for United States of America

**Michael Bhargava, Esquire**
Chadbourne & Parke LLP
1200 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Co-Counsel for Capitol Supply, Inc.